▪ Anthony Biondo, Respondent, v World Comp Communications et al., Defendants, 67 Broad Street, L.L.C., Respondent, and New York City Builders Group, Appellant. (And Other Actions.) [762 NYS2d 74] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 9, 2002, which, in an action by a laborer for personal injuries sustained when he fell from a ladder, insofar as appealed from as limited

by the briefs, granted plaintiff's motion for partial summary judgment against defendant-appellant general contractor on the issue of its liability under Labor Law § 240 (1) and denied appellant's cross motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Appellant claims that it was hired to "retrograde" the building's interior for "incoming technologies tenants" and had nothing to do with any work being performed on the roof, and that the work plaintiff was doing on the roof at the time of the accident was pursuant to a private agreement between plaintiff's employer and a former building tenant to remove a satellite dish owned by the tenant. On this record, these claims do not raise a genuine issue of fact as to appellant's status as general contractor under Labor Law § 240 (1) (*cf. Yurkovich v Kvarner Woodworking*, 289 AD2d 183 [2001]). Appellant's claim that its responsibilities were limited to the interior of the building is not supported by any references to its contract with the owner, which describes the project as simply the "renovation" of the building; there is no evidence that other prime contractors with other responsibilities had been hired; the work plaintiff was performing was technology oriented and thus related to the renovation project as described by appellant; appellant's field manager occasionally went to the roof to observe the work being performed there; appellant's field manager personally reviewed and signed the incident report and witness statements prepared after the accident and sent the report to appellant's main office; and, although the motions were made after completion of disclosure, appellant's assertion that plaintiff's employer was hired by the tenant to remove the satellite dish is pure hearsay (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Nardelli, J.P., Mazzarelli, Saxe and Rosenberger, JJ.