OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Plaintiff commenced this action pursuant to section 240 (1) of the Labor Law after sustaining personal injuries in an accident which plaintiff alleged occurred when the ladder which he had ascended slipped out from under him causing him to fall. The room where the accident occurred had been flooded a few days before the accident with "air scubber water” which defendant conceded could have some degree of greasiness, slickness or slipperiness. Plaintiff, who was the sole witness to the accident, testified that although the room appeared clean to him when he entered, after his fall, he observed a film or "gunk” on the floor where he had placed the ladder.
 

 Labor Law § 240 (1) requires that safety devices such as ladders be so "constructed, placed and operated as to give proper
 
 *835
 
 protection” to a worker. "[T]he legislative history of the Labor Law, particularly sections 240 and 241, makes clear the Legislature’s intent to achieve the purpose of protecting workers by placing 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor’ ”
 
 (Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513, 520).
 

 Plaintiff has established a prima facie case that defendant violated Labor Law § 240 (1) by failing to ensure the proper placement of the ladder due to the condition of the floor
 
 (see, Ferra v County of Wayne,
 
 147 AD2d 964). Since neither the defendant nor third-party defendant has presented any evidence of a triable issue of fact relating to the prima facie case or to plaintiff’s credibility, summary judgment was properly awarded to the plaintiff.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order affirmed, etc.