■ OSCAR PINEDA et al., Appellants, v KECHEK REALTY CORP., Respondent. (And a Third-Party Action.) [727 NYS2d 175] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Kings County (Hubsher, J.), dated March 9, 2000, as denied their motion for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1), and (2) an order of the same court, dated September 7, 2000, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 9, 2000, is dismissed, as that order was superseded by the order dated September 7, 2000, made upon reargument; and it is further,

Ordered that the order dated September 7, 2000, is reversed insofar as appealed from, on the law, on reargument, the motion is granted, and so much of the order dated March 9, 2000,

as denied the plaintiffs' motion for summary judgment against the defendant, Kechek Realty Corp., on the issue of liability on their cause of action pursuant to Labor Law § 240 (1) is vacated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law. They demonstrated that the scaffold upon which the injured plaintiff was working failed to provide proper protection as required by Labor Law § 240 (1), and that this violation was the proximate cause of the accident, by submitting proof that the scaffold collapsed without an apparent reason (*see, Jablonski v Everest Constr. & Trade Corp.,* 264 AD2d 381; *Braun v Dormitory Auth.,* 118 AD2d 614; *cf., Mejia v African M. E. Allen Church,* 271 AD2d 583; *Alava v City of New York,* 246 AD2d 614). Contrary to the determination of the Supreme Court, the defendant failed to raise a triable issue of fact. The defendant did not offer any evidence, other than mere speculation, to refute the plaintiffs' showing or to raise a bona fide issue as to how the accident occurred (*see, Whalen v Sciame Constr. Co.,* 198 AD2d 501; *Figueroa v Manhattanville Coll.,* 193 AD2d 778; *Bras v Atlas Constr. Corp.,* 166 AD2d 401; *cf., Williams v Dover Home Improvement,* 276 AD2d 626; *Nelson v Ciba-Geigy,* 268 AD2d 570). Therefore, the plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1) should have been granted. O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.