■ JOSEPH YURKOVICH et al., Respondents, v KVARNER WOODWORKING, INC., et al., Appellants. [735 NYS2d 518] —Order, Supreme Court, New York County (Walter Tolub, J.), entered February 7, 2001, which, inter alia, granted plaintiff's motion for partial summary judgment as to liability upon his Labor Law § 240 (1) claim, and denied the Ezra defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is undisputed that plaintiff, a house painter, was injured while sanding a recanvased wall at premises owned by the Ezra defendants. Inasmuch as plaintiff presented evidence that his injury resulted from his fall from an unsecured ladder, he set forth a prima facie case of liability under Labor Law § 240 (1) (see, Wasilewski v Museum of Modern Art, 260 AD2d

271; *Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152; *Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381). Since defendants did not, in response to plaintiff's showing, present evidence sufficient to raise a triable question as to whether the failure to secure the ladder was in fact the cause of plaintiff's harm, the award of summary judgment in plaintiff's favor as to liability on his Labor Law § 240 (1) claim was proper (*see, Felker v Corning Inc.*, 90 NY2d 219, 225; *Klein v City of New York*, 89 NY2d 833, 835). That is so notwithstanding that plaintiff was the only witness to the accident (*see, id.*, at 834-835; *Buendia v New York Natl. Bank*, 223 AD2d 456, *lv denied* 91 NY2d 812).

Although defendant Kvarner Woodworking and its principal, defendant Peter Zgombic, seek to avoid liability under Labor Law § 240 (1) by claiming that they were not the general contractor for the renovation of the Ezra defendants' premises, but rather acted only as a prime contractor, the record establishes that the Kvarner/Zgombic defendants were, in fact, hired to act as general contractor in connection with the Ezra renovation.

Also properly rejected, in view of the undisputed evidence of defendant Jamil Ezra's close supervisory involvement in the work at issue, was the Ezra defendants' attempt at avoiding liability by relying on the exemptions set forth in Labor Law § 240 (1) and § 241 (6) for owners of one- and two-family residences who do not direct or control the work (*see, Chura v Baruzzi*, 192 AD2d 918). Further, the building was registered as a five-story multiple dwelling, although defendants had intended to convert it to a single-family residence.

We have considered defendants' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.