■ John Paul Perrone, Respondent, v Tishman Speyer Properties, L.P., et al., Defendants. (And a Third-Party Action.) Tishman Speyer Properties, L.P., et al., Second Third-Party Plaintiffs, v Lehr Construction Corp., Second Third-Party Defendant-Appellant. [787 NYS2d 230]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 30, 2004, which, to the extent appealed from, granted plaintiff partial summary judgment on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff satisfied his prima facie burden on the motion through testimony that while he performed work as directed by his supervisor, the six-foot A-frame ladder on which he was standing "became a little uneasy" and "shaky" and fell down as he started to descend from the next-to-top step (*see Montalvo v J. Petrocelli Constr. Inc.*, 8 AD3d 173 [2004]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [2002]). The fact that plaintiff may have been the sole witness to his accident does not preclude summary judgment on his behalf (*see Wise v 141 Mc-Donald Ave., LLC*, 297 AD2d 515 [2002]).

Second third-party defendant Lehr Construction presented no plausible view of the evidence whereby it could be said that plaintiff was not "permitted or suffered to work" within the meaning of the statute (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]) or was not using a ladder, or that plaintiff's conduct was the sole proximate cause of the accident. It is undisputed that plaintiff was a laborer hired by Lehr. Lehr's project supervisor had no personal knowledge of the work that plaintiff was performing when he was injured, and plaintiff's foreman testified only that he did not recall directing plaintiff to perform the work in question. The project foreman and supervisor each heard a commotion that led them to the accident scene, but neither of them definitively stated that there was no ladder. Their focus, at that moment, was admittedly on plaintiff's condition. Thus, while Lehr's employees did not confirm the existence of a ladder, they did not refute it.

The "sole proximate cause" exception precludes claims under section 240 (1) (*see Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]) where the injured party is solely responsible for the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-292 [2003]). Here, there is no indication that the ladder was secured or that plaintiff was provided with other safety devices that might have protected him.

Lehr's contention that a jury could have interpreted plaintiff's pretrial testimony as an admission he was improperly standing

on the top step is purely speculative. Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ.