■ GONZALO RIVERA, Respondent, v DAFNA CONSTRUCTION Co., LTD., Appellant. (And a Third-Party Action.) [813 NYS2d 109]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 11, 2004, which granted the plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff established a prima facie case of liability on his Labor Law § 240 (1) cause of action (*see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556, 558 [2002]; *Sinzieri v Expositions, Inc.*, 270 AD2d 332, 333 [2000]; *Dasilva v A.J. Contr. Co.*, 262 AD2d 214 [1999]; *cf. Alava v City of New York*, 246 AD2d 614, 615 [1998]). The plaintiff was injured while attempting to demolish a 10-foot high ceiling. At the time, the plaintiff was standing on an unsecured eight-foot tall A-frame ladder, at a height of approximately six feet. When a large portion of the ceiling collapsed, the ladder became unsteady, causing the plaintiff to fall. It is undisputed that no safety devices were provided which might have prevented the accident. The fact that the accident was unwitnessed does not preclude granting summary judgment to the plaintiff (*see Yurkovich v Kvarner Woodworking*, 289 AD2d 183, 184 [2001]; *Cruz v Turner Constr. Co.*, 279 AD2d 322, 323 [2001]; *Bras v Atlas Constr. Corp.*, 166 AD2d 401 [1990]; *see also Klein v City of New York, supra* at 834).

In opposition, the defendant failed to raise a triable issue of fact. The defendant did not offer any evidence, other than mere

speculation, that undermined the prima facie case or presented a bona fide issue regarding the plaintiff's credibility as to a material fact (*see Klein v City of New York, supra* at 835; *Pineda v Kechek Realty Corp.*, 285 AD2d 496, 497 [2001]; *Rodriguez v Forest City Jay St. Assoc.*, 234 AD2d 68, 69-70 [1996]; *Figueroa v Manhattanville Coll.*, 193 AD2d 778, 779 [1993]). Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.