█ EDWARD GILHOOLY, Respondent, v DORMITORY AUTHORITY OF STATE OF NEW YORK et al., Defendants and Third-Party Plaintiffs. BESKIN CORP., Third-Party Defendant-Appellant. [858 NYS2d 308]—

In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated May 14, 2007, as granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant.

In July 2001 the plaintiff, a journeyman carpenter, was hanging sheetrock as part of the construction of a new dormitory building at the State University of New York at Stony Brook. According to his deposition testimony, the plaintiff was standing on a four-foot A-frame aluminum ladder fastening a piece of sheetrock, when the ladder inexplicably "kicked out," causing him to fall and sustain injuries. This testimony, submitted in support of the plaintiff's cross motion for summary judgment on the issue of liability, established his prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) (*see Hanna v Gellman,* 29 AD3d 953, 953-954 [2006]; *Boe v Gammarati,* 26 AD3d 351, 351-352 [2006]; *Chlap v 43rd St.-Second Ave. Corp.,* 18 AD3d 598 [2005]; *Peter v Nisseli Realty Co.,* 300 AD2d 289, 289-290 [2002]; *Scotti v Federation Dev. Corp.,* 289 AD2d 322, 323 [2001]; *Guzman v Gumley-Haft, Inc.,* 274 AD2d 555, 556 [2000]). In opposition, the defendants and the third-party defendant failed to raise a triable issue of fact as to whether the plaintiff's own actions were the sole proximate cause of the accident (*see Boe v Gammarati,* 26 AD3d at 352; *Chlap v 43rd St.-Second Ave. Corp.,* 18 AD3d at 598; *Peter v Nisseli Realty Co.,* 300 AD2d at 290). Consequently, the Supreme Court properly granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Fisher, J.P., Miller, Carni and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 31282(U) (2007).]