■ DAVID BARR, Appellant, v 157 5 AVENUE, LLC, et al., Respondents. [875 NYS2d 228]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated March 3, 2008, as denied his motion for summary judgment on

the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) is granted.

The plaintiff allegedly was injured when he fell from a 12-foot tall A-frame ladder while nailing plywood boards onto the facade of a building undergoing renovation work. At his deposition, the plaintiff testified that the accident occurred when the ladder suddenly wobbled and slid out from under him, causing him to fall. The plaintiff described the ladder as old, beat-up, and wobbly, and indicated that there were no rubber feet or anti-skid pads on the bottom of the ladder to stabilize it and prevent it from slipping.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevated-related risks (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Smith v Cari, LLC*, 50 AD3d 879, 880 [2008]). In order to prevail on a Labor Law § 240 (1) claim, a plaintiff must establish that the statute was violated, and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]; *Gardner v New York City Tr. Auth.*, 282 AD2d 430 [2001]).

Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) through the submission of his deposition testimony, which demonstrated that the subject ladder failed to afford him proper protection for the work being performed, and that this failure was a proximate cause of the accident (*see Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624, 625 [2008]; *Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879, 880 [2006]; *Jicheng Liu v Sanford Tower Condominium, Inc.*, 35 AD3d 378 [2006]; *Gardner v New York City Tr. Auth.*, 282 AD2d 430 [2001]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of the accident (*see Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624, 625 [2008]; *Lesisz v Salvation Army*, 40 AD3d 1050, 1051 [2007]; *Beharry v Public Stor., Inc.*, 36 AD3d 574, 575 [2007]). Furthermore, although the

plaintiff was the sole witness to the accident, the defendants failed to raise a bona fide issue regarding his credibility (*see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1). Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.