■ YIN MIN ZHU, Appellant, v TRIPLE L. GROUP, LLC, Respondent. [881 NYS2d 324]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated March 27, 2008, which denied his motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) is granted.

The plaintiff established his entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) by submitting his affidavit and deposition testimony, which demonstrated that he fell from an unsecured ladder, and that the failure to secure the ladder proximately caused his injuries (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]; Gilhooly v Dormitory Auth. of State of N.Y., 51 AD3d 719, 720 [2008]; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d 624, 625 [2008]; Peter v Nisseli Realty Co., 300 AD2d 289, 290 [2002]; Schuler v Kings Plaza Shopping Ctr. & Mar., 294 AD2d 556, 557-558 [2002]). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (see Gilhooly v Dormitory Auth. of State of N.Y., 51 AD3d at 720; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d at 625). The fact that the plaintiff may have been the sole witness to the accident does not preclude the award of summary judgment in his favor (see Klein v City of New York, 89 NY2d 833 [1996]; Rivera v Dafna Constr. Co., Ltd., 27 AD3d 545 [2006]). Accordingly, the Supreme Court should have granted the plaintiff's motion. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.