■ GABINO INGA, Respondent, v EBS NORTH HILLS, LLC, et al., Appellants. [893 NYS2d 562]—

The plaintiff allegedly sustained injuries while working on a construction project on property owned by EBS North Hills, LLC (hereinafter EBS). North Hills Construction Corporation (hereinafter North Hills), the general contractor, hired R and B Drywall Corporation (hereinafter R&B) to perform the drywall installation associated with the project, and R&B hired the plaintiff's employer to perform some of the work associated with the drywall installation. According to the plaintiff's affidavit and deposition testimony, the injuries occurred while he was standing on an open A-frame ladder, which was resting on the platform of a scaffold positioned on top of an elevator car inside an elevator shaft. The scaffold collapsed, causing the plaintiff to fall and sustain injuries. The plaintiff commenced this action against EBS, North Hills, and R&B.

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged that the defendants were in violation of Labor Law § 240 (1) through the submission of his affidavit and deposition testimony, which demonstrated that the ladder and scaffold failed to afford him proper protection for the work being performed, and that this failure was a proximate cause of his injuries (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *Klein v City of New York*, 89 NY2d 833, 835 [1996]). The fact that the accident was unwitnessed does not preclude granting summary judgment to the plaintiff (see *Klein v City of New York*, 89 NY2d at 834-835; *Barr v 157 5 Ave., LLC*, 60 AD3d 796, 797 [2009]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]). In opposition, the defendants failed to raise a triable issue of fact. The defendants did not offer any evidence, other than mere speculation, that undermined the prima facie case or presented a bona fide issue regarding the plaintiff's credibility as to a material fact (see *Klein v City of New York*, 89 NY2d at 835; *Barr v 157 5 Ave., LLC*, 60 AD3d at 798; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d at 545-546).

Additionally, contrary to R&B's contention, it is liable under Labor Law § 240 (1) as a statutory agent of the owner or general contractor, since it had the authority to supervise and

control the particular work in which the plaintiff was engaged at the time of his injury (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Miller v Yeshiva Zichron Mayir Gedola*, 44 AD3d 1017 [2007]; *Taeschner v M & M Restorations*, 295 AD2d 598, 600 [2002]). Once R&B became such an agent, it could not escape liability by delegating its work to another entity (*see Tomyuk v Junefield Assoc.*, 57 AD3d 518, 521 [2008]; *Nasuro v PI Assoc., LLC*, 49 AD3d 829, 830-831 [2008]; *McGlynn v Brooklyn Hosp.-Caledonian Hosp.*, 209 AD2d 486 [1994]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.