■ RICHARD McCAFFERY, Respondent, v WRIGHT & Co. CONSTRUCTION, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [895 NYS2d 835]—

In an action to recover damages for personal injuries, the defendant Wright & Co. Construction, Inc., appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 18, 2008, which granted the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, a carpenter and employee of the third-party defendant, Garrett Construction Corp., was working in the basement of a house that had been raised above the ground to permit its renovation. He allegedly was injured when an unsecured ladder kicked out from underneath him as he was in the process of putting blocks in the overhead floor joists, and he fell to the floor.

The plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the general contractor, the defendant Wright & Co. Construction, Inc. (hereinafter Wright), by submitting his affidavit and deposition testimony, which demonstrated that he fell from an unsecured ladder, and that the failure to secure the ladder proximately caused his injuries (*see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562 [1993]; *Rivera v 800 Ala. Ave., LLC*, 70 AD3d 798 [2010]; *Yin Min Zhu v Triple L. Group, LLC*, 64 AD3d 590 [2009]; *Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719 [2008]; *Salon v Millinery Syndicate, Inc.*, 47 AD3d 914 [2008]; *Boe v Gammarati*, 26 AD3d 351 [2006]).

In opposition, Wright failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719 [2008]; *McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [2008]). The fact that the plaintiff may have been the sole witness to the accident does not preclude the award of summary judgment in his favor (*see Klein v City of New York*, 89 NY2d 833 [1996]; *Yin Min Zhu v Triple L. Group, LLC*, 64 AD3d 590 [2009]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]; *Perrone v Tishman Speyer Props., L.P.*, 13 AD3d 146 [2004]). Moreover, Wright "did not offer any evidence, other than mere speculation, that undermined the prima facie case or presented a bona fide issue regarding the plaintiff's credibility as to a material fact" (*Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d at 545-546). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged on violation of Labor Law § 240 (1) insofar as asserted against Wright. Rivera, J.P., Florio, Miller and Eng, JJ., concur.