■ CARLOS TAPIA, Appellant, v MARIO GENOVESI & SONS, INC., Respondent-Appellant, and REALE MASONRY CONTRACTORS, INC., Respondent, et al., Defendants. [899 NYS2d 303]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered December 23, 2008, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Mario Genovesi & Sons, Inc., and Reale Masonry Contractors, Inc., and the defendant Mario Genovesi & Sons, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment on its cross claim for contractual and common-law indemnification against the defendant Reale Masonry Contractors, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for sum-

mary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Mario Genovesi & Sons, Inc., and Reale Masonry Contractors, Inc., and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Mario Genovesi & Sons, Inc., which was for summary judgment on so much of its cross claim as sought contractual indemnification against the defendant Reale Masonry Contractors, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with one bill of costs payable by the defendant Reale Masonry Contractors, Inc., to the plaintiff and the defendant Mario Genovesi & Sons, Inc.

On January 6, 2006, the plaintiff allegedly sustained injuries while working on a residential construction project. He fell when the makeshift scaffold that he was working on collapsed. The plaintiff thereafter commenced this action against, among others, the defendant Mario Genovesi & Sons, Inc. (hereinafter Genovesi), the general contractor for the construction project, and the defendant Reale Masonry Contractors, Inc. (hereinafter Reale), the subcontractor retained by Genovesi to perform carpentry and framing work. At the time of the accident, the plaintiff was employed by IP Construction, which Reale retained to perform the framing work for the project.

The Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Genovesi and Reale. The plaintiff's uncontroverted deposition testimony, which he submitted in support of his motion, demonstrated that he was working at an elevated height when the scaffold that he was instructed to build and use collapsed. Prior to his fall, the plaintiff's employer provided him with specific instructions on how to erect the scaffold. The plaintiff erected the scaffold according to these instructions and showed the completed scaffold to his employer before he stood on it. The employer approved of its construction and design. Since the scaffold collapsed, the plaintiff established, prima facie, that he was not provided with an adequate safety device to do his work, as required by Labor Law § 240 (1), and that this statutory violation was a proximate cause of his injury (see Dos Santos v State of New York, 300 AD2d 434 [2002]; Pineda v Kechek Realty Corp., 285 AD2d 496, 497 [2001]).

Since the plaintiff met his prima facie burden on his motion for summary judgment, the burden then shifted to Genovesi

and Reale to present evidence sufficient to raise a triable issue of fact (*see Norwood v Whiting-Turner Contr. Co.*, 40 AD3d 718 [2007]; *Moniuszko v Chatham Green, Inc.*, 24 AD3d 638 [2005]). Genovesi, the general contractor, did not oppose the motion. Reale, the subcontractor and statutory agent of Genovesi (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]), failed to raise a triable issue of fact in its opposition papers. In light of the fact that the plaintiff erected the scaffold in accordance with the specific instructions given to him and with the approval of his employer which was hired by Reale, Reale failed to show that the plaintiff's actions were the sole proximate cause of his accident (*see Rico-Castro v Do & Co N.Y. Catering, Inc.*, 60 AD3d 749, 750 [2009]; *Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 696 [2006]; *Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879, 880-881 [2006]). Moreover, the fact that the plaintiff may have been the sole witness to the accident does not preclude the award of summary judgment in his favor (*see Klein v City of New York*, 89 NY2d 833, 834-835 [1996]; *Yin Min Zhu v Triple L. Group, LLC*, 64 AD3d 590 [2009]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]; *Perrone v Tishman Speyer Props., L.P.*, 13 AD3d 146, 147 [2004]).

Additionally, the Supreme Court should have granted that branch of Genovesi's cross motion which was for summary judgment on so much of its cross claim as sought contractual indemnification against Reale. In opposition to Genovesi's establishment of its prima facie entitlement to judgment as a matter of law, Reale failed to raise a triable issue of fact. The contractual indemnification provision at issue proffered by Genovesi in support of its cross motion required Reale to indemnify Genovesi "from and against all claims, damages, losses and expenses including attorney fees arising out of or resulting from the performance of the work, provided that any such claim, damage, loss or expense is . . . caused in whole or in part by any neglect, act or omission by the subcontractor, any sub-tier contractor or any one directly or indirectly employed by him or anyone for whose acts he may be liable." Here, the plaintiff's accident arose out of the performance of the subcontracted work, and Reale's sub-tier contractor, IP Construction, instructed the plaintiff to build a scaffold that was inadequate. Moreover, General Obligations Law § 5-322.1 does not bar enforcement of a contractual indemnification provision where the indemnitee was held strictly liable under Labor Law § 240 (1) and there was no evidence of its negligence (*see Masciotta v Morse Diesel Intl.*, 303 AD2d 309, 311-312 [2003]). Here, Reale failed to raise a triable issue of fact in opposition to Genovesi's prima facie showing that it was not actively negligent in the

happening of the plaintiff's accident (*see Masciotta v Morse Diesel Intl.*, 303 AD2d at 312).

The remaining contentions of Genovesi and Reale are without merit. Mastro, J.P., Eng, Belen and Austin, JJ., concur.