■ SAMUEL FLORESTAL et al., Respondents, v CITY OF NEW YORK et al., Respondents, and CDI 21 ST LIC, LLC, Appellant, et al., Defendant. [903 NYS2d 457]—

In an action to recover damages for personal injuries, etc., the defendant CDI 21 St LIC, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 15, 2009, as (a) granted that branch of the plaintiffs' motion which was for summary judgment on the issue of its liability on the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it, (b) denied that branch of its cross motion which was for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it, and (c) granted the cross motion of the defendants City of New York, Department of Education of the City of New York, and the New York City School Construction Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against those defendants.

Ordered that the appeal from so much of the order as granted the cross motion of the defendants City of New York, Department of Education of the City of New York, and the New York City School Construction Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against those defendants is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511; Ciaccio v Germin, 138 AD2d 664, 665 [1988]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs payable by the appellant to the respondents appearing separately and filing separate briefs.

The injured plaintiff a "duct worker apprentice" employed by nonparty AllCity Sheet Metal (hereinafter AllCity) was installing ducts in a building owned by the defendant CDI 21 St LIC, LLC (hereinafter CDI), when an unsecured ladder on which he was standing suddenly twisted, causing him to fall and sustain injuries. He and his wife, suing derivatively, commenced this action against CDI as the owner of the building, as well as the lessees of the building, the City of New York, Department of Education of the City of New York, and the New York City School Construction Authority (hereinafter collectively the City defendants), and the construction manager, asserting, inter alia, a cause of action pursuant to Labor Law § 240 (1). Eventually, the plaintiffs moved, among other things, for summary judgment on the issue of liability, CDI cross-moved for summary judgment

dismissing the complaint insofar as asserted against it, and the City defendants cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. As relevant here, the Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against CDI on the cause of action seeking damages pursuant to Labor Law § 240 (1), denied that branch of CDI's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it, and granted the City defendants' cross motion in its entirety. CDI appeals.

By tendering evidence in admissible form that the unsecured ladder twisted and caused the injured plaintiff to fall, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged that CDI was in violation of Labor Law § 240 (1) (*see Inga v EBS N. Hills, LLC*, 69 AD3d 568 [2010]; *Singh v City of New York*, 68 AD3d 1095 [2009]; *Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839 [2009]). In opposition, CDI failed to raise a triable issue of fact, but instead relied merely on speculation as to possible causes of the accident other than the inadequacy of the ladder or a defect in the ladder as placed or secured (*see Inga v EBS N. Hills, LLC*, 69 AD3d 568 [2010]; *Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839 [2009]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the plaintiffs' cause of action pursuant to Labor Law § 240 (1) insofar as asserted against CDI, and denied that branch of CDI's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it. Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.