■ LAURIE CAMPBELL, Respondent, v 111 CHELSEA COMMERCE, L.P., et al., Appellants. [915 NYS2d 619]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated January 26, 2010, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants 111 Chelsea Commerce, L.P., and JT Magen & Co., Inc.

Ordered that the appeal by the defendants Taconic GP Chelsea Holdings, LLC, Taconic Investment Partners, LLC, Lifetime Entertainment Services, J.T. Magen Construction Company, Inc., and J.T. Magen Promotions, LLC, is dismissed, as they are not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

On June 15, 2005, the plaintiff allegedly sustained injuries when the walkboard of the scaffold on which she was working collapsed. The plaintiff commenced this action against, among others, the defendant 111 Chelsea Commerce, L.P. (hereinafter 111 Chelsea), as owner of the premises, and the general contractor, JT Magen & Co., Inc. (hereinafter JT Magen & Co.), and asserted, inter alia, a cause of action pursuant to Labor Law § 240 (1). Thereafter, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against 111 Chelsea and JT Magen & Co.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against 111 Chelsea and JT Magen & Co., by submitting her affidavit and deposition testimony, which demonstrated that the walkboard

of the scaffold she was using collapsed, causing her to fall and sustain injuries. Thus, the plaintiff established that the scaffold failed to afford her proper protection for the work being performed, and that this failure was a proximate cause of her injuries (*see Zhu Wei Shi v Jun Lan Zhang*, 76 AD3d 558 [2010]; *Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d 800, 801 [2010]; *Inga v EBS N. Hills, LLC*, 69 AD3d 568, 569 [2010]; *Kok Choy Yeen v NWE Corp.*, 37 AD3d 547, 549 [2007]; *Dos Santos v State of New York*, ·300 AD2d 434 [2002]; *Pineda v Kechek Realty Corp.*, 285 AD2d 496, 497 [2001]). The fact that the plaintiff may have been the sole witness to the accident does not preclude the award of summary judgment in her favor (*see Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d at 802; *McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d 842, 843 [2010]; *Inga v EBS N. Hills, LLC*, 69 AD3d at 569; *Yin Min Zhu v Triple L. Group, LLC*, 64 AD3d 590 [2009]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]).

In opposition to the plaintiff's prima facie showing, 111 Chelsea and JT Magen & Co. failed to raise a triable issue of fact. They "did not offer any evidence, other than mere speculation, to refute the plaintiff['s] showing or to raise a bona fide issue as to how the accident occurred" (*Pineda v Kechek Realty Corp.*, 285 AD2d at 497; *see Florestal v City of New York*, 74 AD3d 875 [2010]; *McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d at 843; *Inga v EBS N. Hills, LLC*, 69 AD3d at 569; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d at 545-546). ·

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against 111 Chelsea and JT Magen. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.