■ SYMEON MONIOUDIS, Respondent, v CITY OF NEW YORK, Appellant. (And a Third-Party Action.) [918 NYS2d 580]—

The plaintiff was working in a courthouse owned by the defendant and using a ladder to prepare the walls and ceiling for painting when the ladder collapsed, causing him to fall and sustain injuries.

The plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) by submitting his deposition testimony, which demonstrated that he fell when the ladder he was using collapsed, and that the failure to provide a secure ladder proximately caused his injuries (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562 [1993]; *McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d 842, 843 [2010]; *Yin Min Zhu v Triple L. Group, LLC*, 64 AD3d 590 [2009]; *Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]).

In opposition, the defendant failed to raise a triable issue of fact. The defendant did not offer any evidence, only mere speculation, to oppose the prima facie case or create a bona fide issue regarding the plaintiff's credibility as to a material fact (*see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d at 843; *Barr v 157 5 Ave., LLC*, 60 AD3d 796, 797-798 [2009]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d at 545-546; *cf. Duran v Kijak Family Partners, L.P.*, 63 AD3d 992, 994 [2009]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action

pursuant to Labor Law § 240 (1). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.