■ RORY FOX, Respondent, v H&M HENNES & MAURITZ, L.P., Defendant/Third-Party Plaintiff-Appellant. MAINTENANCE ETC., LLC, Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [922 NYS2d 139]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, (Martin, J.), dated May 28, 2010, as granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff was employed by the fourth-party defendant Garrity Electric, Inc. (hereinafter Garrity), as a mechanic performing general electrical contracting work. Pursuant to an agreement between the defendant/third-party plaintiff, H&M Hennes & Mauritz, L.P. (hereinafter H&M), and the third-party defendant/fourth-party plaintiff Maintenance, Etc., LLC (hereinafter Maintenance), which provides retail companies with vendors for construction services, Garrity was hired to replace bulbs and ballasts/transformers in 78 overhead light fixtures, located approximately 12 feet above the floor, in a retail store leased by H&M. Garrity had done business with H&M since 2000, performing electrical work for which it was paid the sum of $30,000 to $50,000 per year. Garrity furnished a team of "seven or eight" workers, including the plaintiff, which was led by a team foreman, to perform the subject work in the H&M store. The plaintiff allegedly was injured when he fell from a ladder while engaged in this work. The Supreme Court, inter

alia, granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. We affirm the order insofar as appealed from.

Labor Law § 240 (1) protects workers from elevation-related hazards while they are involved in certain enumerated work activities (*see Panek v County of Albany*, 99 NY2d 452 [2003]). The statute applies when an employee is engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). Thus, where a worker is engaged in routine maintenance, the statute is inapplicable (*see Smith v Shell Oil Co.*, 85 NY2d 1000 [1995]).

Contrary to H&M's contention, the provisions of the statute apply to the facts of this case. When viewed in isolation, the plaintiff's task of replacing a transformer might be considered routine maintenance (*see Deoki v Abner Props. Co.*, 48 AD3d 510 [2008]; *Sanacore v Solla*, 284 AD2d 321 [2001]). However, the issue of whether any particular task "falls within section 240 (1) must be determined on a case-by-case basis, *depending on the context of the work*" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 883 [2003] [emphasis added]). Here, in view of the agreement between Garrity and H&M, the plaintiff's position as a mechanic at Garrity assigned to perform general electrical work, and the overall scope of the entire job which Garrity was engaged to perform at the store, the task which the plaintiff was performing at the time of the accident was a repair, as opposed to routine maintenance (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d at 883; *Fitzpatrick v State of New York*, 25 AD3d 755 [2006]; *see also Nowakowski v Douglas Elliman Realty, LLC*, 78 AD3d 1033 [2010]; *cf. Deoki v Abner Props. Co.*, 48 AD3d 510 [2008]).

"In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability via the submission of his deposition testimony, which demonstrated that he fell when a "old and wobbly" aluminum ladder, with no rubber on its feet, and which had been supplied by H&M, "kicked out" from under him while he was replacing the light fixture transformer (*see McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d 842 [2010]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796 [2009]; *Blair v Cristani*, 296 AD2d 471 [2002]; *Gardner v New York*

*City Tr. Auth.*, 282 AD2d 430 [2001]). In response, H&M failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). That the plaintiff may have been the sole witness to the accident does not preclude summary judgment in his favor (*see McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d 842 [2010]; *Yin Min Zhu v Triple L. Group, LLC*, 64 AD3d 590 [2009]; *Perrone v Tishman Speyer Props., L.P.*, 13 AD3d 146 [2004]). Moreover, H&M " 'did not offer any evidence, other than mere speculation, that undermined the prima facie case or presented a bone fide issue regarding the plaintiff's credibility as to a material fact' " (*McCaffery v Wright & Co., Constr., Inc.*, 71 AD3d at 843, quoting *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545, 545-546 [2006]; *see Leconte v 80 E. End Owners Corp.*, 80 AD3d 669 [2011]; *Westphal v Greyhound Lines, Inc.*, 32 AD3d 429 [2006]).

The Supreme Court also properly granted Maintenance's motion for summary judgment dismissing the third-party complaint for contribution and indemnification. Maintenance established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not a contractor, but merely a facilitator that brokered the work agreement between H&M and Garrity, that it was not negligent, and that it did not have the authority to supervise or control the work giving rise to the plaintiff's injuries (*see Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc.*, 54 AD3d 394 [2008]; *see also Russin v Louis N. Picciano & Son*, 54 NY2d 311 [1981]; *Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613 [2008]; *Torres v LPE Land Dev. & Constr., Inc.*, 54 AD3d 668 [2008]). In opposition, H&M failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.