■ LUIS VASQUEZ, Respondent-Appellant, v C2 DEVELOPMENT CORP., Appellant-Respondent, et al., Defendant. (And a Third-Party Action.) [963 NYS2d 675]—

In an action to recover damages for personal injuries, the defendant C2 Development Corp. appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated July 5, 2011, as denied, as untimely, its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) from so much of an order of the same court dated February 29, 2012, as, upon reargument, adhered to so much of the original determination as denied, as untimely, its cross motion for summary judgment, and the plaintiff cross-appeals, as limited by his brief, (1) from so much of the order dated July 5, 2011, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant C2 Development Corp., and (2) from so much of the order dated February 29, 2012, as, upon reargument, adhered to so much of the original determination as denied his motion for summary judgment.

Ordered that the appeal and cross appeal from the order dated July 5, 2011, are dismissed, as that order was superseded by the order dated February 29, 2012, made upon reargument; and it is further,

Ordered that the order dated February 29, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 29, 2012, is reversed insofar as cross-appealed from, on the law, and upon reargument, so much of the determination in the order dated July 5, 2011, as denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant C2 Development Corp. is vacated, and thereupon, the plaintiff's motion for summary judgment is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly was injured when, in the course of his employment by Aszaararab Ali, he fell from a scaffold which collapsed beneath him. According to the plaintiff's deposition testimony, he fell as he was removing a fluorescent light fixture and moving it from one area of the ceiling to another. The accident occurred at a premises leased to Ali by the owner, the defendant C2 Development Corp. (hereinafter C2 Development).

The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action insofar as asserted against C2 Development. In addition, it denied, as untimely, C2 Development's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Upon reargument, the Supreme Court adhered to its original determination.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action insofar as asserted against C2 Development by submitting his deposition testimony, which demonstrated that the board of the scaffold on which he was standing collapsed, causing him to fall and sustain injuries (*see Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d 721, 722 [2011]; *Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d 800, 801 [2010]; *Dos Santos v State of New York*, 300 AD2d 434 [2002]). In opposition to the plaintiff's prima facie showing, C2 Development failed to raise a triable issue of fact. Even when the evidence is viewed in the light most favorable to C2 Development, the plaintiff's work, as described in the plaintiff's deposition testimony and the affidavit of the plaintiff's employer submitted in opposition to the plaintiff's motion, constituted "altering" within the meaning of Labor Law § 240 (1) (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see Purdie v Crestwood Lake Hgts. Section 4 Corp.*, 229 AD2d 523, 524-525 [1996]; *see also Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 337 [2008]; *Lucas v Fulton Realty Partners, LLC*, 60 AD3d 1004, 1005-1006 [2009]; *Morales v City of New York*, 245 AD2d 431 [1997]). Moreover, contrary to C2 Development's contention, it is liable for any

violation of Labor Law § 240 (1) that proximately caused the plaintiff's injuries, even though the plaintiff was employed by its tenant (see Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 335, 341-342 [2008]; DeSabato v 674 Carroll St. Corp., 55 AD3d 656, 658-659 [2008]). Accordingly, upon reargument, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) should have been granted.

The Supreme Court properly, upon reargument, adhered to its original determination denying, as untimely, C2 Development's cross motion for summary judgment dismissing the complaint insofar as asserted against it, since C2 Development failed to demonstrate good cause for its delay in making the cross motion (see CPLR 3212 [a]). Contrary to C2 Development's contention, the issues raised in its cross motion were not nearly identical to the issues raised in the plaintiff's timely motion (see Tapia v Prudential Richard Albert Realtors, 79 AD3d 735 [2010]; Podlaski v Long Is. Paneling Ctr. of Centereach, Inc., 58 AD3d 825, 827 [2009]). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.