In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered February 21, 2013, which denied his motion for summary judgment on the issue of liability on the cause of the action alleging a violation of Labor Law § 240 (1).
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted.
*662 The Supreme Court erred in denying the plaintiffs motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. Contrary to the court’s determination, no triable issue of fact existed as to the defendants’ ownership or management of the premises where the plaintiffs accident occurred, since the parties entered into a written stipulation during the pendency of the motion, which was “so ordered” by the court, in which the defendants conceded their involvement with the property.
The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 cause of action by establishing that he was injured when he fell from an unsecured ladder that collapsed while he was performing roofing work on the subject construction project (see e.g. Zhu Wei Shi v Jun Lan Zhang, 76 AD3d 558, 559 [2010]; Lesisz v Salvation Army, 40 AD3d 1050, 1051 [2007]; Nephew v Klewin Bldg. Co., Inc., 21 AD3d 1419, 1420 [2005]). The defendants’ contention that summary judgment should have been denied because the plaintiff was the sole witness to his accident is unpersuasive, as the plaintiff identified three other witnesses in his response to the defendants’ combined discovery demands. In any event, even if the plaintiff had been the sole witness to the accident, summary judgment would not be precluded (see e.g. Klein v City of New York, 89 NY2d 833 [1996]; Melchor v Singh, 90 AD3d 866, 869 [2011]; Fox v H&M Hennes & Mauritz, L.P., 83 AD3d 889, 891 [2011]; Campbell v 111 Chelsea Commerce, L.P., 80 AD3d 721, 722 [2011]).
Additionally, contrary to the defendants’ contention, the plaintiff satisfied his burden of establishing that he was hired by a contractor and was suffered or permitted to work on the premises, such that he was entitled to the protections of the Labor Law (see Labor Law § 2 [5], [7]; Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333 [2008]; LoVerde v 8 Prince St. Assoc., LLC, 35 AD3d 1224 [2006]). Inasmuch as the defendants failed to raise a triable issue of fact in opposition to the plaintiff’s prima facie showing, the motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action should have been granted. Mastro, J.E, Skelos, Balkin and Roman, JJ., concur.