■ JOSE CARDENAS, Respondent, v 111-127 CABRINI APARTMENTS CORP., Defendant/Third-Party Plaintiff-Appellant, et al., Defendants/Third-Party Plaintiffs, et al., Third-Party Defendants. (And Other Titles.) [44 NYS3d 197]—

In an action to recover damages for personal injuries, the defendant 111-127 Cabrini Apartments Corp. appeals, as limited by its brief and letter, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered January 20, 2015, as granted the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law

§ 241 (6) insofar as asserted against the defendant 111-127 Cabrini Apartments Corp., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly fell from the top step of a ladder while painting a wall in a co-op building owned by the defendant 111-127 Cabrini Apartments Corp. (hereinafter the defendant) and managed by the defendants Argo Real Estate, LLC, Argo Management, Argo Residential, and Argo Corporate (hereinafter collectively the Argo defendants), resulting in a broken hip and other injuries. The plaintiff commenced this action against the defendant and the Argo defendants alleging, among other things, violations of Labor Law §§ 240 (1) and 241 (6).

The plaintiff testified at his deposition that the ladder his employer provided had a defective supporting bracket that would become unlocked without warning and create a danger of falling. The plaintiff further testified that he complained about the defect and asked to use a different ladder, but his employer refused to correct the problem or let him use a different ladder. Finally, the plaintiff testified that the bracket had become unlocked at the time of his fall even though he set it in the locked position.

After discovery, the defendant and the Argo defendants moved for, among other things, summary judgment dismissing the plaintiff's Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against the Argo defendants only. The plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the defendant. In an order dated January 13, 2015, the Supreme Court granted that branch of the motion of the defendant and the Argo defendants which was for summary judgment dismissing the plaintiff's Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against the Argo defendants. The court, however, also granted the plaintiff's cross motion for summary judgment on the issue of the defendant's liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The defendant appeals. We modify.

The plaintiff established, prima facie, that the defendant violated Labor Law § 240 (1), as the owner of the building where the plaintiff was working, by providing a ladder with a defective supporting bracket, which caused the ladder to move and the plaintiff to fall to the ground (*see Kaminski v 22-61 42nd St., LLC*, 91 AD3d 606, 606 [2012]; *Melchor v Singh*, 90

AD3d 866, 867-868 [2011]). The fact that the plaintiff may have been the sole witness to the accident does not preclude the award of summary judgment in his favor (*see Fox v H&M Hennes & Mauritz, L.P.*, 83 AD3d 889, 891 [2011]; *Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d 721, 722 [2011]).

In opposition, the defendant failed to raise a triable issue of fact. It "did not offer any evidence, other than mere speculation, to refute the plaintiff['s] showing or to raise a bona fide issue as to how the accident occurred" (*Pineda v Kechek Realty Corp.*, 285 AD2d 496, 497 [2001]; *see Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d at 722; *Florestal v City of New York*, 74 AD3d 875, 876 [2010]). The defendant also did not raise a bona fide issue as to the plaintiff's credibility (*see Klein v City of New York*, 89 NY2d 833 [1996]; *Fox v H&M Hennes & Mauritz, L.P.*, 83 AD3d at 891).

However, the plaintiff failed to establish, prima facie, the defendant's liability under Labor Law § 241 (6). Although the evidence demonstrated that the ladder's defective supporting bracket, which the plaintiff had complained about prior to the accident, constituted a violation of 12 NYCRR 23-1.21 (b) (3) (*see Melchor v Singh*, 90 AD3d at 870), the plaintiff failed to demonstrate his freedom from comparative negligence (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]; *Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1156-1157 [2011]). Accordingly, the Supreme Court should not have granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of the defendant's liability on the cause of action alleging a violation of Labor Law § 241 (6).

The defendant's remaining arguments either need not be reached in light of our determination or are without merit. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.