Gordon v City of New York (2018 NY Slip Op 05972)





Gordon v City of New York


2018 NY Slip Op 05972


Decided on September 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 6, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6793 155715/12

[*1]Gary Gordon, et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Fabiani Cohen & Hall, LLP, New York (Allison A. Snyder of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about April 11, 2016, which, insofar as appealed from as limited by the briefs, granted the motion of defendants City of New York (City) and Long Island Railroad (LIRR) for summary judgment dismissing the complaint as against them, and denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously modified, on the law, to the extent of granting plaintiffs' motion as against defendant Metropolitan Transportation Authority (MTA), and otherwise affirmed, without costs.
Plaintiff Gary Gordon was injured when he fell from a ladder while working on a construction project designed to bring LIRR service to Grand Central Terminal (GCT). MTA had contracted with plaintiff's employer for the performance of the work including the excavation of rock under GCT. On the day of the accident, plaintiff was instructed to re-position a stadium light that was approximately 15-to-20 feet above the tunnel floor. He and a coworker retrieved a ladder because no manlifts were available and placed the ladder on the tunnel floor, which was covered in muddy water and debris. When plaintiff ascended the ladder and attempted to move the light, the ladder slipped out from under him and fell to the tunnel floor.
The motion court properly found that defendants LIRR and the City satisfied their prima facie burden of establishing that they were not subject to liability as "owners" within the purview of Labor Law §§ 240(1) and 241(6). The affidavits submitted by the City and LIRR on their motion established that neither was the owner, lessee, licensee or occupant of the tunnel where the accident occurred, that neither was a party to any contract for plaintiff's work on the subject premises, and that neither performed, supervised or controlled any construction work at the subject premises. The affidavit testimony was based on each affiant's "work and job duties" at their respective employers which rendered them "knowledg[able] of and [] fully familiar with the business operations" of the City and LIRR. In response, plaintiffs failed to proffer any competent evidence that disputed the allegations in defendants' affidavits, and thus, did not raise a triable issue of fact. Moreover, plaintiff's sole theory of the City's ownership asserted on appeal, that it owned the land on which the project was located, was not raised before the motion court and is not properly before this Court (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]).
However, plaintiffs were entitled to summary judgment on the issue of liability on the § 240(1) claim as against the MTA. The record establishes that the ladder that was provided to plaintiff failed to provide proper protection for him to perform the elevation-related task of re-positioning the stadium light, and MTA's opposition failed to raise a triable issue of fact (see Klein v City of New York, 89 NY2d 833, 835 [1996]; Plywacz v Broad St. LLC, 159 AD3d 543 [1st Dept 2018]). Contrary to the contention that an issue of fact exists as to whether a platform was available to secure the ladder to, there is nothing in the record to support that. In fact the engineer merely testified that there "may or may not have been" platforms available to tie the ladder to.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 6, 2018
CLERK