■ VINCENZO PENTA et al., Respondents-Appellants, v RELATED COMPANIES, L.P., et al., Appellants-Respondents, et al., Defendants. [730 NYS2d 140] —In an action to recover damages for personal injuries, etc., the defendants Related Companies, L.P., Related Properties, and HRH Construction Corp. appeal from so much of an order of the Supreme Court, Kings County (Gigante, J.), dated July 11, 2000, as denied those branches of their motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 241 (6) insofar as based on Industrial Code regulation 12 NYCRR 23-8.1 (i), and the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion which was to dismiss their claim pursuant to Labor Law § 241 (6) insofar as it was based on Industrial Code regulation 12 NYCRR 23-8.2 (c) (3).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the plaintiffs' cause of action pursuant to Labor Law § 241 (6) insofar as it is based on Industrial Code regulation 12 NYCRR 23.8.1 (i), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Vincenzo Penta was working as a carpenter on the 17th floor of a building under construction when he was struck by the hook on a Crane. The hook swung free after a coworker released a load of wood delivered to the floor. The plaintiffs contend that they have a cause of action under Labor Law § 241 (6) based on Industrial Code regulations 12 NYCRR 23-8.1 (i) and 23-8.2 (c) (3).

The Supreme Court erred in finding that there was a question of fact as to whether the hook on the Crane was one of the

"moving parts" contemplated by 12 NYCRR 23-8.1 (i) and thus whether the regulation was applicable to this case. The interpretation of an Industrial Code regulation presents a question of law for the court (*see, Millard v City of Ogdensburg,* 274 AD2d 953; *Stasierowski v Conbow Corp.,* 258 AD2d 914; *Cardenas v American Ref-Fuel Co.,* 244 AD2d 377). The regulation cannot reasonably be interpreted to include the hook on the Crane as among those "moving parts," such as gears and chains, which must have guards "securely fastened in place" (12 NYCRR 23-8.1 [i]) when the Crane is operating.

We agree with the Supreme Court's determination that 12 NYCRR 23-8.2 (c) (3) does not apply to the facts of this case, as this regulation is designed to protect workers from hazards created by the horizontal movement of a load being hoisted by a Crane (*see, Smith v Hovnanian Co.,* 218 AD2d 68), and it is undisputed that the Crane was not hoisting a load at the time of the accident. Accordingly, as the plaintiffs failed to establish that the appellants violated an Industrial Code regulation which imposes a "specific, positive command," their cause of action based on Labor Law § 241 (6) must be dismissed (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-503; *see also, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343).

The Supreme Court properly denied that branch of the appellants' motion which was to dismiss the causes of action based on common-law negligence, codified by Labor Law § 200. The appellants failed to meet their burden of establishing prima facie that they did not exercise supervision or control over the manner in which the Crane was being operated at the time of the accident (*see, Lombardi v Stout,* 80 NY2d 290). Therefore, the branch of their motion based on common-law negligence was properly denied regardless of the sufficiency of the plaintiffs' opposing papers (*see, Ayotte v Gervasio,* 81 NY2d 1062). In any event, the evidence submitted by the plaintiffs was sufficient to raise a triable issue of fact as to the control and supervision exercised by the appellants.

We have not considered deposition testimony submitted on appeal which is dehors the record before the Supreme Court (*see, Devellis v Lucci,* 266 AD2d 180; *Wilson v DeAngelis,* 161 AD2d 709). O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.