■ BIAGIO BIAFORA, Respondent, v CITY OF NEW YORK et al., Appellants. [811 NYS2d 764]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated November 24, 2004, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant City of

New York and dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant Pile Foundation Construction Company, and granted the plaintiff's cross motion for leave to amend his bill of particulars. Presiding Justice Prudenti has been substituted for former Justice Sondra Miller (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York and dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant Pile Foundation Construction Company are granted, the cross motion is denied, the complaint insofar as asserted against the defendant City of New York and the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant Pile Foundation Construction Company are dismissed, and the remaining causes of action insofar as asserted against the defendant Pile Foundation Construction Company are severed.

The plaintiff allegedly was injured while unloading concrete for use in construction at a facility owned by the defendant City of New York. During the unloading procedure, the plaintiff stood behind his truck while a crane operator, who was employed by the general contractor, the defendant Pile Foundation Construction Company (hereinafter Pile), placed a large bucket behind the truck, under a concrete chute. The crane operator had trouble setting the empty bucket down near the back of the truck. Thus, for subsequent loads, the crane operator set the bucket down approximately 20 to 25 feet from the truck and dragged it along the ground to the truck. Upon delivery of the fifth load of concrete, the cable connected to the bucket suddenly pulled up, the bucket lifted off the ground, and hit the plaintiff.

Contrary to the Supreme Court's determination, the City was entitled to summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it. Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). To establish liability under these theories of recovery, it must be established that the owner or contractor had the "authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condi-

tion" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]). The City established that it did not direct the allegedly dangerous manner in which the crane operator placed the bucket behind the plaintiff's truck. In response, the plaintiff failed to raise a triable issue of fact (*see Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]).

In addition, the City and Pile were entitled to summary judgment dismissing the plaintiff's cause of action pursuant to Labor Law § 240 (1). "The contemplated hazards [of Labor Law § 240 (1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). The defendants established that the concrete unloading operation did not constitute the type of elevation-related hazard contemplated by Labor Law § 240 (1) and, in response, the plaintiff failed to raise a triable issue of fact (*see Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781 [1993]).

Finally, both the City and Pile were entitled to summary judgment dismissing the plaintiff's cause of action pursuant to Labor Law § 241 (6). In order to support a cause of action pursuant to Labor Law § 241 (6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]).

The plaintiff's expert engineer stated in conclusory fashion that 12 NYCRR 23-8.1 (f) and 23-8.2 (c) were violated and that such violations were the proximate cause of the accident in question. However, the plaintiff's expert failed to indicate how compliance with the cited provisions dealing with hoisting of loads would have prevented the accident in question. The defendants established that the bucket was dragged and not hoisted and that any alleged violations of the Industrial Code provisions cited by the plaintiff (*see* 12 NYCRR 23-8.1 [f]; 23-8.2 [c] [3] [ensuring safe hoisting]), were not a proximate cause of the accident. In response, the plaintiff's proof was inadequate to raise a triable issue of fact (*see Jacome v State of New York*, 266 AD2d 345, 347 [1999]; Penta v Related Cos., 286 AD2d 674 [2001]).

As the cited provisions of the Industrial Code were not applicable in this case, the cross motion should have been denied. Prudenti, P.J., Adams, Ritter and Lifson, JJ., concur.