■ CHARLES McCOY et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [832 NYS2d 26]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about June 16, 2005, which granted summary judgment dismissing the claims against defendants Metropolitan Transportation Authority and Metro North Com-

muter Railroad for common-law negligence and under Labor Law § 200, and denied in part plaintiffs' cross motion to amend their bill of particulars so as to allege specified Industrial Code violations for purposes of their Labor Law § 241 (6) claim, modified, on the law, to the extent that plaintiffs' cross motion to amend their bill of particulars is granted in its entirety so as to permit the inclusion of allegations that defendants violated Industrial Code (12 NYCRR) § 23-8.1 (f) (1) (iv) and (2) (i) and § 23-8.2 (c) (3), and as so modified, affirmed, without costs.

The motion court correctly dismissed the claims against defendants Metropolitan Transportation Authority and Metro North Commuter Railroad for common-law negligence and under Labor Law § 200, in view of the absence of evidence that their representatives exercised any supervisory control over the work in question (*see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006], *affg* 28 AD3d 225 [2006]). However, it erred in limiting plaintiffs' amendment of their bill of particulars to the addition of claimed violations of Industrial Code (12 NYCRR) § 23-8.2 (d) (1) and (2) to support their Labor Law § 241 (6) claim; the claims of violations of Industrial Code § 23-8.1 (f) (1) (iv) and (2) (i) and § 23-8.2 (c) (3) should have been permitted as well.

We disagree with the view that these other three proffered provisions of the Industrial Code are inapplicable to this claim as a matter of law. All three provisions in question apply to cranes hoisting loads: section 23-8.1 (f) (1) (iv) requires that before a crane starts to hoist a load, the load must be "well secured and properly balanced . . . before it is lifted more than a few inches," section 23-8.1 (f) (2) (i) prohibits sudden acceleration or deceleration of a moving load during a hoisting operation, and section 23-8.2 (c) (3) requires that tag or restraint lines be used when rotation or swinging of a load being hoisted by a mobile crane may create a hazard.

These provisions are not rendered inapplicable as a matter of law simply because the accident occurred while the beam was being propelled in a forward direction, having already been lifted a foot off the ground. When a crane is being used to move a large, heavy or unwieldy item from one spot to another, the term "hoisting" should not be read so narrowly as to apply only to the part of the process in which the item is being moved in an upward direction, and to preclude the part of the operation when the load, having been lifted upward, is being propelled horizontally. There is little logic to the idea that the Code would require a tag or restraint line to protect workers and others from the rotation or swinging of a load, but only when the load

is being raised, and not when an already raised load is being moved horizontally.

Nor do the relied-upon cases support such a reading. In *Biafora v City of New York* (27 AD3d 506, 508 [2006]), the plaintiff was injured by a bucket that had been dragged along the ground until the cable connected to the bucket accidentally lifted it off the ground, whereupon it hit the plaintiff; the Court merely observed that under the alleged facts, any violations of the safe hoisting provisions were not a proximate cause of the accident. In *Penta v Related Cos.* (286 AD2d 674, 675 [2001], *lv denied* 100 NY2d 515 [2003]), the plaintiff was hit by a hook that swung free after a load of wood was unhooked from the crane; the Court held that Industrial Code § 23-8.1 (i), which requires that moving parts of a crane have guards securely fastened in place, is inapplicable to hooks, and that section 23-8.2 (c) (3), which it noted is designed to protect workers from hazards created by the *horizontal movement* of a load being hoisted by a crane, is inapplicable *where there is no load*. Neither case stands for the proposition that Code provisions that are designed to protect people from the uncontrolled movement of a load suspended from a crane only apply when the load is being moved upward.

The amendment of plaintiffs' bill of particulars therefore should have included each of the five claimed Industrial Code violations, any of which could provide a predicate for liability under Labor Law § 241 (6). Concur—Mazzarelli, Saxe and McGuire, JJ.

Tom, J.P., and Buckley, J., dissent in part in a memorandum by Tom, J.P., as follows: Plaintiff, an employee of the general contractor, sustained serious injury when he was run over by a mobile hydraulic forklift, known as a Gradall. The machine was being used to transport a three-foot-high, 20-foot-long steel beam from a construction area to a scrap heap. Plaintiff was walking in front of the machine steadying the right end of the beam, which was suspended about one foot off the ground, as a coworker steadied the opposite end. When the Gradall operator stopped for a traffic light, the beam rotated and plaintiff was pushed backward toward the machine. When the light turned green, the Gradall lurched forward, crushing plaintiff's legs under the front wheel.

Supreme Court correctly found that Industrial Code (12 NYCRR) § 23-8.1 (f) (1) (iv) (providing that a load must be well secured and properly balanced before being hoisted more than a few inches in a sling); § 23-8.1 (f) (2) (i) (prohibiting sudden acceleration or deceleration of a moving load during a hoisting

operation except in an emergency) and § 23-8.2 (c) (3) (requiring tag lines to be used when rotation or swinging of a load hoisted by a mobile crane may create a hazard) are inapplicable. The accident occurred when the beam was being transported, not at a time it was being hoisted (*see Biafora v City of New York*, 27 AD3d 506, 508 [2006] [violations of 12 NYCRR 23-8.1 (f) and 23-8.2 (c) were not proximate cause of injury resulting from cement bucket being dragged along ground by crane operator]; *Penta v Related Cos.*, 286 AD2d 674, 675 [2001], *lv denied* 100 NY2d 515 [2003] ["12 NYCRR 23-8.2 (c) (3) . . . is designed to protect workers from hazards created by the horizontal movement of a load being hoisted by a Crane"]).

I agree that Supreme Court properly declined to impose liability on the owners under Labor Law § 200. Plaintiff does not dispute that his work crew received direction concerning the manner in which work was to be performed from his employer's supervisor. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout*, 80 NY2d 290, 295 [1992]). There is no proof that representatives of the railroad site owners who monitored site safety, work progress and the impact of construction activity on railroad operations exercised any supervisory control over the methods used in transporting the beam so as to expose them to liability for plaintiff's injuries (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993] [no evidence owner "had any input into how the steel beam was to be moved"]; *Cahill v Triborough Bridge & Tunnel Auth.*, 31 AD3d 347, 350 [2006] [inspection and reporting of safety violations not supervision or control]). Liability does not attach merely because an owner may have been aware that work was being performed in an unsafe manner (*O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225 [2006], *affd* 7 NY3d 805 [2006] [presence of on-site safety manager not grounds for imposing liability]; *Singh v Black Diamonds LLC*, 24 AD3d 138 [2005] [project superintendent's conduct of regular walk-throughs, authority to stop work for unsafe conditions and inspection of plywood covering hole through which plaintiff fell insufficient to impose liability under Labor Law § 200]; *see also Dennis v City of New York*, 304 AD2d 611, 612 [2003]; *Colon v Lehrer, McGovern & Bovis*, 259 AD2d 417, 419 [1999]). Here, the activities of the owners' representatives were confined to safety procedures, including on-site safety inspections and instruction on safe practices and methods.

Accordingly, the order should be affirmed.