■ DARREN G. DECAIRE, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents, and TDX CONSTRUCTION CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. AMERICAN STEEL ERECTORS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [870 NYS2d 406]—

The plaintiff allegedly was injured while working on a construction site where steel I-beams were being unloaded from a truck and placed onto the ground by a crane. After the last beam was unloaded by the crane operator, workers released the crane hooks and the plaintiff began to shore up the beam with pieces of wood in order to stabilize it on the ground. As the plaintiff was kneeling next to the beam, the crane operator retracted the hooks, causing one of them to inadvertently catch the beam and lift it into the air. According to the plaintiff, the beam was lifted three feet off the ground and then fell on top of him, causing injury.

The Supreme Court properly awarded summary judgment to the defendants New York City Health and Hospitals Corporation, Kline Iron & Steel Co., Inc., TDX Construction Corporation, and Gilbane Building Company (hereinafter the defendants) dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-8.1 (f) (2) (i), insofar as asserted against each of them, as well as to the third-party defendant American Steel Erectors, Inc., dismissing so much of that cause of action. In order to sustain a cause of action pursuant to Labor Law § 241 (6), a

plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). The defendants submitted evidence demonstrating, prima facie, that compliance with 12 NYCRR 23-8.1 (f) (2) (i), which deals with sudden acceleration and deceleration of loads during the hoisting operation, would not have prevented the subject accident from occurring.

According to the plaintiff's deposition testimony, the accident occurred after the completion of the hoisting operation (*see Penta v Related Cos.*, 286 AD2d 674, 675 [2001]). Furthermore, the defendants established that, based on the plaintiff's description of the accident, compliance with the cited provision would not have prevented the beam from being inadvertently picked up or subsequently dropped onto him (*see Biafora v City of New York*, 27 AD3d 506, 507-508 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to how the cited provision of the Industrial Code would have prevented the accident from occurring (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.