In an action to recover damages for personal injuries, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J,), dated August 3, 2009, as denied those branches of their motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on 12 NYCRR 23-1.16, 23-1.21 (b) (4) (iv), and 23-2.3 (d).
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants’ motion which were for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on 12 NYCRR 23-1.16, 23-1.21 (b) (4) (iv) and 23-2.3 (d), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured while drilling a hole into a cement wall from a ladder during the construction of a church. According to the plaintiff, the power tool he was using got stuck in the wall and twisted, causing his arm to twist. The plaintiff *991 did not fall from the ladder. Subsequently, the plaintiff commenced this action against Universal Baptist Church and Delwood Development, LLC, the owner of the premises and the general contractor on the project, respectively (hereinafter together the defendants), to recover damages for personal injuries resulting from the accident.
The Supreme Court properly denied those branches of the defendants’ motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. Contrary to the defendants’ contention, a party may be liable under Labor Law § 200 and the common law where it has the authority to supervise or control the performance of the work, even where the party does not actually exercise this authority (see Ortega v Puccia, 57 AD3d 54, 62 n 2 [2008]). Here, the evidence submitted by the defendants failed to establish, prima facie, that they did not have the authority to supervise or control the performance of the work (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
However, the Supreme Court should have granted those branches of the defendants’ motion which were for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on 12 NYCRR 23-1.16, 23-1.21 (b) (4) (iv) and 23-2.3 (d). The defendants established, prima facie, that any failure to secure the ladder in violation of 12 NYCRR 23-1.21 (b) (4) (iv) was not a proximate cause of the accident, and in opposition, the plaintiff failed to raise a triable issue of fact (see Decaire v New York City Health & Hosps. Corp., 57 AD3d 823, 825 [2008]; Trippi v Main-Huron, LLC, 28 AD3d 1069, 1070 [2006]; Biafora v City of New York, 27 AD3d 506, 508 [2006]).
The defendants also established that 12 NYCRR 23-1.16, which sets standards for safety belts, is not applicable in this case because it is undisputed that the plaintiff was not provided with any safety belts (see Forschner v Jucca Co., 63 AD3d 996, 998-999 [2009]; Rau v Bagels N Brunch, Inc., 57 AD3d 866, 868 [2008]; Smith v Cari, LLC, 50 AD3d 879, 881 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.
Finally, the defendants established that 12 NYCRR 23-1.21 (b) (4) (iv), by its own terms, is inapplicable because the plaintiff was not erecting an exterior lintel at the time of the accident, and permanent floors had not yet been installed. While the latter two arguments were not made by the defendants until they submitted their reply papers to the Supreme Court, this Court may consider them on appeal because they present questions of law which could not have been avoided if brought to the *992 Supreme Court’s attention at the proper juncture (see Cooper v American Carpet & Restoration Servs., Inc., 69 AD3d 552, 553-554 [2010]; Jones v Geoghan, 61 AD3d 638, 639-640 [2009]). Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur. [Prior Case History: 24 Misc 3d 1230(A), 2009 NY Slip Op 51672(U).]