In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated September 30, 2015, as granted that branch of the motion of the defendants Tully Construction Co.-E.E. Cruz & Company, JV, LLC, E.E. Cruz & Company, Inc., and Tully Construction Co., Inc., which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1) and common-law negligence insofar as asserted against them.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
 

 The plaintiff, a stone tender employed by a nonparty subcontractor at a construction project, alleged that he was injured while working at the project when he and his supervisor were using nylon “straps” to move an eight by four foot, 500-to-600-pound granite stone a distance of approximately four feet. As they began to lift the stone, the plaintiff’s supervisor lost his grip, which resulted in the stone falling a distance of 18 to 20 inches onto the plaintiff’s right toe and causing him to fall onto his knees. The plaintiff commenced this action against, among others, the defendants Tully Construction Co.E.E. Cruz & Company, JV, LLC, E.E. Cruz & Company, Inc., and Tully Construction Co., Inc. (hereinafter collectively the defendants), general contractors on the construction project, alleging violations of, inter alia, Labor Law §§ 200 and 240 (1).
 

 The Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. “Where ... a claim arises out of the means and methods of the work, a [defendant] may be held liable for ... a violation of Labor Law § 200 only if [it] had the authority to supervise or control the performance of the work” (Forssell v Lerner, 101 AD3d 807, 808 [2012] [internal quotation marks omitted.]). General supervisory authority for the purpose of overseeing the progress of the work is insufficient to impose liability under the statute (see Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 683 [2005]; Ortega v Puccia, 57 AD3d 54, 62 [2008]). Here, the defendants established, prima facie, that the plaintiff’s injuries arose solely out of the manner of his employer’s work and the defendants exercised no supervisory control over that work (see Enos v Werlatone, Inc., 68 AD3d 712 [2009]). The defendants’ authority to monitor safety conditions at the work site is merely indicative of their “general supervision and coordination of the work site and is insufficient to trigger liability” (Singh v Black Diamonds LLC, 24 AD3d 138, 140 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 The Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them. In cases involving falling objects, section 240 (1) applies only when “the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute” (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268-269 [2001] [emphasis omitted]). Here, the defendants established, prima facie, that the granite stone did not fall because of the absence or inadequacy of a safety device (see id. at 268). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.