Wein v East Side 11th & 28th, LLC (2020 NY Slip Op 05085)





Wein v East Side 11th & 28th, LLC


2020 NY Slip Op 05085


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-06462
 (Index No. 505121/14)

[*1]Shane Wein, et al., appellants-respondents,
v
East Side 11th & 28th, LLC, et al., respondents- appellants.


Rimland & Associates (Edward Rimland and Michael H. Zhu, New York, NY, of counsel), for appellants-respondents.
Harrington, Ocko & Monk, LLP, White Plains, NY (Adam G. Greenberg of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal and the defendants cross-appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated May 23, 2017. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The order, insofar as cross-appealed from, denied those branches of the defendants' cross motion which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-8.1(f)(1)(iv) and 23-8.2(c)(3) and the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the defendant SBF Construction, Inc.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-8.1(f)(2)(i), and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying those branches of the defendants' cross motion which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-8.1(f)(1)(iv) and 23-8.2(c)(3) and the Labor Law § 200 cause of action insofar as asserted against the defendant SBF Construction, Inc., and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.
The plaintiff Shane Wein (hereinafter the injured plaintiff) was employed by nonparty Able Rigging, which had been hired by the defendant SBF Construction, Inc. (hereinafter SBF), to assemble a tower crane at a construction project on West 28th Street in Manhattan. The injured plaintiff allegedly was injured in the process of hoisting a component of the tower crane for assembly when the load, which had been stationary for several minutes, suddenly moved, swung to the side, struck the injured plaintiff, and pinned him against a plumber's pipe. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging [*2]violations of Labor Law §§ 200, 240(1), and 241(6) and common-law negligence.
The plaintiffs moved, inter alia, for summary judgment on the Labor Law § 241(6) cause of action. The defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) and denied those branches of the defendants' cross motion which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-8.1(f)(1)(iv) and 23-8.2(c)(3) and the cause of action alleging a violation of Labor Law § 200 insofar as asserted against SBF.
We agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-8.1(f)(1)(iv). In light of the injured plaintiff's deposition testimony, which established that he and four other workers examined the load prior to it being hoisted and that it was well secured and properly balanced prior to being further hoisted, the plaintiffs failed to demonstrate a violation of 12 NYCRR 23-8.1(f)(1)(iv) (see 12 NYCRR 23-8.1[f][1][iv]). However, the court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-8.1(f)(1)(iv), since the defendants demonstrated that the injured plaintiff's deposition testimony established no violation of that regulation and the plaintiffs failed to raise a triable issue of fact in opposition (see Biafora v City of New York, 27 AD3d 506, 508).
We agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-8.2(c)(3). The plaintiffs failed to demonstrate that this regulation was violated in light of the injured plaintiff's deposition testimony, which established that tag lines were used in the hoisting operation, and the plaintiffs failed to demonstrate that any lack of a tag line was a proximate cause of the accident (see 12 NYCRR 23-8.2[c][3]; Biafora v City of New York, 27 AD3d at 508). However, based upon the injured plaintiff's deposition testimony, the court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of this regulation.
Contrary to the Supreme Court's determination, the plaintiffs were entitled to summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-8.1(f)(2)(i). The plaintiffs established, prima facie, that the load suddenly moved and caused the injured plaintiff's injuries (see 12 NYCRR 23-8.1[f][2][i]; Harris v City of New York, 83 AD3d 104, 111). In opposition, the defendants failed to raise a triable issue of fact, as "[t]he fact that the plaintiff may have been the sole witness to the accident does not preclude the award of summary judgment in his favor" (Cardenas v 111-127 Cabrini Apts. Corp., 145 AD3d 955, 957; see Klein v City of New York, 89 NY2d 833; Melchor v Singh, 90 AD3d 866, 869; Fox v H & M Hennes & Mauritz, L.P., 83 AD3d 889, 891), and "[a]ny comparative negligence on the part of the plaintiff does not preclude liability founded upon a violation of Labor Law § 241(6)" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 719; see Quizhpi v South Queens Boys & Girls Club, Inc., 166 AD3d 683, 685; Quinn v Whitehall Props., II, LLC, 69 AD3d 599, 601; Owen v Schulmann Constr. Corp., 26 AD3d 362, 363).
In addition, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against SBF. The defendants established that the injured plaintiff's injuries arose solely out of the manner of his employer's work and SBF had only general supervisory authority at the job site, which is insufficient to impose liability under Labor Law § 200 (see Portalatin v Tully Constr. Co.-E.E. Cruz & Co., 155 AD3d 799, 800; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 699; Opalinski v City of New York, 110 AD3d 694, 695-696; Ortega v Puccia, 57 AD3d 54, 63). In opposition, the plaintiffs failed to raise a triable issue of fact (see Portalatin v Tully Constr. [*3]Co.-E.E. Cruz & Co., 155 AD3d at 800; Marquez v L & M Dev. Partners, Inc., 141 AD3d at 699; Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 951).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court