MacGregor v MRMD NY Corp. (2021 NY Slip Op 03149)





MacGregor v MRMD NY Corp.


2021 NY Slip Op 03149


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 153702/16 Appeal No. 13846 Case No. 2020-02514 

[*1]Shannon MacGregor, Plaintiff-Respondent-Appellant,
v
MRMD NY Corp., et al., Defendants, Morris Park Ave LLC, Defendant-Appellant-Respondent. [And a Third-Party Action.]


Cullen and Dykman LLP, New York (Adrienne Yaron of counsel), for appellant-respondent.
O'Dwyer & Bernstein, LLP, New York (Steven Aripotch of counsel), for respondent-appellant.



Order, Supreme Court, New York County (David B. Cohen, J.), entered April 22, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's cross motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, and denied defendant Morris Park's motion for summary judgment dismissing the complaint and any cross claims, unanimously affirmed, without costs.
Plaintiff demonstrated prima facie entitlement to summary judgment on his Labor Law § 240(1) claim by submitting evidence showing that defendant's contractor failed to use tag lines or other safety devices to secure steel beams that were being hoisted during a storm, allowing the beams to spread when they were suddenly dropped, knocking plaintiff off the cab of the truck where he was rigging the beams and causing his injuries (see Flores v Metropolitan Transp. Auth., 164 AD3d 418 [1st Dept 2018]; see also Myiow v City of New York, 143 AD3d 433, 436 [1st Dept 2016]; Jordan v City of New York, 126 AD3d 619, 620 [1st Dept 2015]). The court properly considered plaintiff's affidavit concerning the failure to use tag lines, because the affidavit did not flatly contradict any part of his deposition testimony, during which he was not asked about tag lines or other safety devices (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049 [2016]; McLaughlin v Arch Ins. Co., 168 AD3d 627, 628 [1st Dept 2019]). Defendant admitted that tag lines were not used during the hoisting process and offered no admissible evidence in opposition to plaintiff's prima facie showing, but only its counsel's unsupported arguments and an unauthenticated document (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]).
Plaintiff also demonstrated entitlement to summary judgment on his Labor Law § 241(6) claim based on defendant's contractor's violations of both Industrial Code (12 NYCRR) §§ 23-2.3(c) and 23-8.1(f)(2)(i) concerning hoisting (see Ross v Curtis-Palmer Hydro-Elec., Co., 81 NY2d 494, 501-503 [1993]; Buckley v Columbia Grammar & Preparatory, 44 AD3d 263, 271 [1st Dept 2007]). Plaintiff showed that tag lines were not used and also that the sudden deceleration of the hoist by defendant's contractor caused the bundle to bounce, and that the sudden deceleration caused a sudden movement of the load, which knocked him from the cab of the truck, causing his injuries (see Wein v East Side 11th & 28th, LLC, 186 AD3d 1579, 1581 [2d Dept 2020]; cf.
Decaire v New York City Health & Hosps. Corp., 57 AD3d 823, 825 [2d Dept 2008]; see also Harris v City of New York, 83 AD3d 104, 109-110 [1st Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021