Giraldo v Highmark Ind., LLC (2024 NY Slip Op 02042)

Giraldo v Highmark Ind., LLC

2024 NY Slip Op 02042

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2020-02571
 (Index No. 11870/14)

[*1]Mauro Giraldo, et al., appellants, 
v
Highmark Independent, LLC, et al., respondents.

Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz of counsel), for appellants.
Bartlett LLP, Melville, NY (Robert G. Vizza of counsel), for respondents Highmark Independent, LLC, Education Capital Solutions, LLC, and Red Hook Property Group, LLC.
Malapero Prisco & Klauber LLP, New York, NY (Joseph J. Prisco and Tracy L. Frankel of counsel), for respondent Canyon Building & Design, LLC.
Quintairos, Prieto, Wood & Boyer, P.A., New York, NY (Kathleen M. Mulholland of counsel), for respondent Sublink, Ltd.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated December 16, 2019. The order denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6).
ORDERED that the order is affirmed, with one bill costs to the respondents appearing separately and filing separate briefs, and, upon searching the record, summary judgment is awarded to the defendants dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-8.1(f)(1)(iv).
The defendant Highmark Independent, LLC, commenced a project on premises known as 30 Bay Street, in Brooklyn, to construct a school, and retained the defendant Canyon Building & Design, LLC (hereinafter Canyon), as general contractor. At the site, on July 12, 2014, the plaintiff Mauro Giraldo (hereinafter the injured plaintiff), who was employed as a rigger and crane signaler by nonparty subcontractor JC Duggan, allegedly was injured when he was struck by a prefabricated modular unit as it was being hoisted by a crane owned by the defendant Sublink, Ltd (hereinafter Sublink). The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6).
The plaintiffs moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). In an order dated December 16, 2019, the Supreme Court denied the motion. The plaintiffs appeal.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). "'The contemplated hazards [of Labor Law § 240(1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured'" (Biafora v City of New York, 27 AD3d 506, 508, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514).
"[I]t is settled that 'the extraordinary protections of the statute in the first instance apply only to a narrow class of dangers'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97, quoting Melber v 6333 Main Street, Inc., 91 NY2d 759, 762). "Consequently, the protections of Labor Law § 240(1) 'do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "'Rather, liability [remains] contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "In order to obtain summary judgment on the issue of liability on a Labor Law § 240(1) cause of action, a plaintiff is required to demonstrate, prima facie, that there was a violation of the statute and that the violation was a proximate cause of his or her injuries" (Jones v City of New York, 166 AD3d 739, 740).
Here, the plaintiffs relied on, among other things, the deposition testimony of the injured plaintiff, who testified that after the modular unit was lifted off the trailer by the crane, it moved "upwards and towards" him before striking him. As the plaintiffs failed to establish, prima facie, that the accident was the result of an elevation-related hazard contemplated by Labor Law § 240(1), the Supreme Court properly denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) (see Smith v New York State Elec. & Gas Corp., 82 NY2d 781, 783; Torres v City of New York, 127 AD3d 1163, 1164; Biafora v City of New York, 27 AD3d at 507-508; Jacome v State of New York, 266 AD2d 345, 345-347; see also Runner v New York Stock Exch., Inc., 13 NY3d 599).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657 [citations and internal quotation marks omitted]).
Here, the plaintiffs failed to establish, prima facie, a violation of 12 NYCRR 23-8.1(f)(2)(i), as they did not demonstrate that there was a sudden acceleration of the hoisted load. The plaintiffs also failed to establish that the alleged sudden acceleration of the hoisted load was a proximate cause of the injured plaintiff's injuries (see Decaire v New York City Health & Hosps. Corp., 57 AD3d 823, 825; Biafora v City of New York, 27 AD3d at 508). In addition, as the injured plaintiff testified that he inspected the modular unit prior to it being hoisted and ensured that it was well secured and balanced, the plaintiffs failed to demonstrate, prima facie, a violation of 12 NYCRR 23-8.1(f)(1)(iv) (see Wein v East Side 11th & 28th, LLC, 186 AD3d 1579, 1580). Therefore, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). Further, as the evidence established that the load was inspected by the injured plaintiff and that he ensured that it was well secured and balanced, we exercise our authority pursuant to CPLR 3212(b) to search the record and award summary judgment to the defendants dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-8.1(f)(1)(iv) (see CPLR 3212[b]; Wein v East Side 11th & 28th, LLC, 186 AD3d at 1580).
"Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Chowdhury v Rodriguez, 57 AD3d 121, 127; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841 [internal quotation marks omitted]; see Chowdhury v Rodriguez, 57 AD3d at 129). "When the methods or materials of the work are at issue, 'recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work'" (Messina v City of New York, 147 AD3d 748, 749, quoting Ortega v Puccia, 57 AD3d 54, 61; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). "[W]hen a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable . . . under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having active or constructive notice of it" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841 [internal quotation marks omitted]).
Here, the plaintiffs failed to establish, prima facie, that the defendants had the authority to exercise supervision and control over the method or manner in which the injured plaintiff's work was performed (see Cruz v 451 Lexington Realty, LLC, 218 AD3d 733; Messina v City of New York, 147 AD3d at 749; Ortega v Puccia, 57 AD3d at 63). In addition, the plaintiffs failed to eliminate triable issues of fact as whether the alleged dangerous condition—an overcrowding of the modular units on the site—was a proximate cause of the injured plaintiff's injuries (see King v Villette, 155 AD3d 619, 622; Torres v Hallen Constr. Corp., 226 AD2d 364). As discussed by the Supreme Court, the plaintiffs argue that Canyon is liable because it failed to furnish the injured plaintiff with a safe place to work and further argue that Sublink is liable because it hired the crane and crane operator, and was instrumental in determining how the crane was placed and operated. However, triable issues of fact exist as it is uncertain which allegedly dangerous condition or combination of dangerous conditions proximately caused the injured plaintiff's accident. Thus, the court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 200.
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and, upon searching the record, we award summary judgment to the defendants dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-8.1(f)(1)(iv).
CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court