Bordonaro v E.C. Provini Co., Inc. (2025 NY Slip Op 06805)

Bordonaro v E.C. Provini Co., Inc.

2025 NY Slip Op 06805

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 157409/20 596019/20|Appeal No. 5304-5305-5306|Case No. 2025-00629 2025-0638 2025-00643|

[*1]Steven Bordonaro, Plaintiff-Respondent,
v
E.C. Provini Co., Inc., et al., Defendants-Appellants-Respondents, Elite Delivery Systems, LLC, Defendant. E.C. Provini Co., Inc., Third-Party Plaintiff-Appellant-Respondent,

Cornell Grace, P.C., New York (Jason Meneses of counsel), for appellants-respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York (Mathew P. Cueter of counsel), for respondent-appellant.
Miller, Montiel & Strano, P.C., Garden City (David Strano of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered January 24, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants E.C. Provini Co., Inc., Bath & Body Works, LLC (BBW), L. Brands, Inc. (LBI), and L. Brands Store Design & Construction, Inc. (LBSD&C) (collectively, the non-owner defendants) for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims predicated on violations of Industrial Code §§ 23-9.8 and 23-6.1 as against them, denied the motion sub silentio to the extent it sought to dismiss the common-law negligence claims as against BBW, LBI, and LBSD&C, denied the motion to the extent it sought to dismiss the Labor Law § 200 claim as against E.C. Provini and denied the motion sub silentio to the extent it sought to dismiss the common-law negligence claim as against E.C. Provini, and denied, as premature, the motion for judgment in favor of the non-owner defendants on their contractual indemnification claims as against third-party defendant CBI Drywall, Corp., unanimously modified, on the law, the motion granted to the extent of dismissing plaintiff's Labor Law § 241(6) claim in its entirety as against the non-owner defendants; dismissing plaintiff's common-law negligence claims as against BBW, LBI, and LBSD&C; and granting the non-owner defendants' motion for summary judgment on their contractual indemnification claim to the extent of granting them conditional contractual indemnification from CBI Drywall; and otherwise affirmed, without costs.
Order, same court and Justice, entered January 24, 2025, which, to the extent appealed from as limited by the briefs, denied CBI Drywall's (CBI) motion for summary judgment dismissing plaintiff's common-law negligence claims and claims under Labor Law §§ 240(1), 200, and 241(6) insofar as predicated on violations of Industrial Code §§ 23-9.8 and 23-6.1, denied its motion for summary judgment dismissing the third-party action and all counterclaims as against it, and denied its motion for summary judgment dismissing cross-claims against it for contribution, common-law indemnity, and breach of the subcontractor's agreement, unanimously modified, on the law, the motion granted to the extent of dismissing plaintiff's Labor Law § 241(6) claim in its entirety and dismissing the cross-claims against CBI for common-law indemnification and contribution, and vacating so much of the order as granted CBI's motion to dismiss the contractual indemnification claims of defendants BBW, LBI, 441 Lexington Avenue Co. Limited Partnership, and Gordon Property Group, LLC and reinstating those claims, and otherwise affirmed, without costs.
Order, same court and Justice, entered January 24, 2025, which, to the extent appealed from, denied the motion of defendants 441 Lexington Avenue (441 Lexington) and Gordon Property Group (Gordon) for summary judgment dismissing plaintiff's claims as against them under Labor Law §§ 200, 240(1) and 241(6) insofar as predicated on violation of Industrial Code §§ 23-9.8 and 6.1, and on their contractual indemnification claims against third-party defendant CBI, and denied, sub silentio, their motion to dismiss plaintiff's claims as against them for common law negligence, unanimously modified, on the law, the motion granted to the extent of dismissing the common law negligence and Labor Law § 241(6) claims as against 441 Lexington and Gordon in their entirety, and otherwise affirmed, without costs.
Plaintiff, a carpenter, was working for CBI as a foreman on the buildout of a retail space for BBW. On the day plaintiff was injured, he was using a pallet jack to unload cabinets from a truck. According to plaintiff, as he walked backwards pulling on the pallet jack that carried one of the cabinets, his coworker was helping push the cabinet out of the truck onto an unguarded liftgate. Plaintiff testified that when he tried to maneuver the cabinet, which weighed around 1000 pounds, out of the truck and onto the truck liftgate, it seemed to "get away." As plaintiff tried to stop the cabinet from moving, it pushed him and he caught his foot under the pallet jack, falling from the liftgate and landing on the street four feet below. Although plaintiff had asked for a forklift to unload the truck, this request was denied.
Even assuming that defendants established prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 240(1) claim, plaintiff's evidence submitted in opposition to the motion raised triable issues of fact because the 1000-pound cabinet measured eight feet long, three feet wide, and approximately three feet deep — roughly the same dimensions as the truck's liftgate, which was elevated four feet above the street level. This evidence raises triable issues of fact as to whether the pallet jack was an inadequate safety device for the task of maneuvering the cabinet onto the liftgate (see Wilinski v 334 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10-11 [2011]; Schoendorf v 589 Fifth TIC I LLC, 206 AD3d 416, 417 [1st Dept 2022]; MacGregor v MRMD NY Corp., 194 AD3d 550 [1st Dept 2021]).
Supreme Court erred in denying defendants' motions to dismiss the Labor Law § 241(6) claim. Defendants established prima facie entitlement to summary judgment dismissing the Labor Law § 241(6) claim predicated on the Industrial Code sections relied on by the court. There was no evidence that the pallet jack in question was compromised by a faulty automatic device for retaining a raised load, or that it was being operated on such an uneven surface as to "make upsetting [it] likely" (see Industrial Code §§ 23-9.8 [d], [e]). Plaintiff testified that he could not recall whether the truck's bed level varied in height relative to the truck's mechanical platform lift at the back of the truck. As to plaintiff's reliance upon Industrial Code § 23-6.1(d) as a predicate for his Labor Law § 241(6) claim, the facts in the record demonstrated that the pallet jack was not burdened with a cargo in excess of its estimated 2,000-pound carriage capability, and there was no evidence to suggest the cabinet unit atop the pallet jack required "trimming" or was susceptible of dislodgment.
The motion court properly dismissed plaintiff's Labor Law § 200 claim as against defendants BBW, LBI, LBSD&C, 441 Lexington and Gordon upon a finding that there was no evidence that plaintiff's accident was caused by a dangerous condition existing on the premises. Further, the facts demonstrated as a matter of law that these defendants did not exercise any direct control or supervision over the means and methods of plaintiff's work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143 [1st Dept 2012]). For the same reasons, the common-law negligence claims as against these defendants also should have been dismissed.
However, to the extent E.C. Provini made the decision not to provide a requested forklift for the unloading of cabinetry and millwork from the truck, supervised the unloading process, and was present at the time of the accident, the record presents triable issues of fact as to whether its conduct constituted a violation of Labor Law § 200 that amounted to a proximate cause of plaintiff's accident (see Jarvis v Crotona Assoc., LLC, 14 AD3d 423, 425 [1st Dept 2005]).
No evidence of negligence on CBI's part was required to grant E.C. Provini's motion for summary judgment on its contractual indemnification claim against CBI (see Estevez v SLG 100 Park LLC, 215 AD3d 566, 570-571 [1st Dept 2023]). E.C. Provini's right to conditional contractual indemnification from CBI was established by the broad indemnification language in the E.C. Provini/CBI subcontract and "was triggered solely by virtue of plaintiff's accident occurring while in the performance of [CBI's] contractual duties" (Newman v New York City Hous. Auth., 231 AD3d 443, 444 [1st Dept 2024]). E.C. Provini would be entitled to "conditional" contractual indemnification from CBI even though negligence on its part might ultimately be found to have contributed to plaintiff's injury, and in that instance, E.C. Provini would be precluded from being indemnified to the extent that its own negligence contributed to the loss claimed (see id. at 444; Winkler v Halmar Intl., LLC, 206 AD3d 458, 463 [1st Dept 2022]).
BBW, LBSD&C, and LBI established their entitlement to summary judgment on their claims for contractual indemnification from CBI under the indemnification language in the LBSD&C/E.C. Provini construction contract documents, which expressly extended such indemnification coverage to LBSD&C's affiliates. The subcontractor agreement between E.C. Provini and CBI expressly incorporated by reference the terms of the contract documents between E.C. Provini and LBSD&C (see Winkler, 206 AD3d at 463).
The record does not make clear that 441 Lexington, as "Owner," and Gordon, the owner's property manager, would be entitled to contractual indemnification under the broad language in the E.C. Provini/CBI subcontract agreement, inasmuch as it does not appear that 441 Lexington was the identified "Owner" in the E.C. Provini subcontract with CBI. The intent of the parties is not clear as to whether the contractual indemnification provision in the E.C. Provini subcontract with CBI ran to 441 Lexington as "Owner" of the building, rather than to LBSD&C as "Owner" of the project, or whether 441 Lexington and/or Gordon fit within the descriptions of other potential indemnitees under the subcontract's indemnification provision.
CBI has established that the cross-claims for common-law indemnification and contribution against it should be dismissed, as plaintiff received workers' compensation and there is no evidence offered to indicate that he suffered a grave injury (see Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020]). The parties do not oppose this branch of CBI's motion.
We have considered the parties' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025