Valarezo v HP Jamsta Hous. Dev. Fund Co. Inc. (2026 NY Slip Op 01148)

Valarezo v HP Jamsta Hous. Dev. Fund Co. Inc.

2026 NY Slip Op 01148

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Index No. 158491/17|Appeal No. 5929|Case No. 2023-02794|

[*1]Cristian Valarezo et al., Plaintiffs-Appellants,
vHP Jamsta Housing Development Fund Company Inc. et al., Defendants-Respondents.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellants.
Gallo Vitucci Klar LLC, New York (Andrew M. Lauri of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about May 1, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on liability on their Labor Law § 240(1) claim and granted defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on liability on their Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff was injured as he and his coworkers were making bases for cement columns by using a drilling/excavation machine to remove steel bars that had been drilled into the ground. Plaintiff testified that when removing the bars, a fabric sling was tied to the top of the bar, a hook was placed into the sling, and the drilling/excavation machine lifted the bar away. As the last bar was being removed, it fell and hit plaintiff. According to plaintiff's testimony, the bar was standing vertically on the drilling machine and was not secured before the machine moved it.
Supreme Court should have granted plaintiffs' motion for summary judgment on liability on their Labor Law § 240(1) claim. Plaintiffs demonstrated prima facie entitlement to summary judgment on this claim by submitting evidence establishing that the steel bar was not secured while the excavation/drilling machine was hoisting it out of the ground (see Wilinski v 334 East 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 5 [2011]; MacGregor v MRMD NY Corp., 194 AD3d 550, 551 [1st Dept 2021]). Even though plaintiff testified that he did not see the precise moment that the bar began to fall and was unsure whether a sling was attached to the bar at the time of the accident, he was not obliged to show the exact circumstances under which the object fell (see Harsanyi v Extell 4110 LLC, 220 AD3d 528, 529 [1st Dept 2023]). Furthermore, because the equipment used to hoist the steel bar failed to prevent it from falling, plaintiffs were also not obliged to specify the type of safety device that defendants should have provided (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]).
In opposition, defendants failed to raise a triable issue of fact. Plaintiff's unrebutted testimony was sufficient to establish plaintiffs' prima facie case without the necessity of considering various documents that were submitted on plaintiffs' motion (see Marrero v 2075 Holdings Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]).
Because we are granting plaintiffs' motion for summary judgment on liability under Labor Law § 240(1), the arguments related to the Labor Law § 200 and common-
law negligence claims are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026